74 Cal.Rptr.2d 765 (1998)
64 Cal.App.4th 24
Samuel Jimenez ZAMUDIO, Petitioner,
v.
The SUPERIOR COURT of Los Angeles County, Respondent;
The People, Real Party in Interest.
No. B119452.
Court of Appeal, Second District, Division Four.
May 21, 1998.
*766 Michael P. Judge, Public Defender, Albert J. Menaster, John Montoya and Terri Towery, Deputy Public Defenders, for Petitioner.
No appearance for Respondent.
Gil Garcetti, District Attorney, George M. Palmer and Brentford J. Ferreira, Deputy District Attorneys, for Real Party in Interest.
HASTINGS, Associate Justice.
On November 17, 1997, petitioner, Samuel Jimenez Zamudio, was convicted of two counts of first degree murder with special circumstances. On November 21, 1997, the jury recommended the death penalty for petitioner.
On January 9, 1998, counsel for petitioner filed with respondent a "MOTION FOR ACCESS TO REDACTED COPIES OF THE JURY QUESTIONNAIRES OF THE TWELVE JURORS IN THIS CASE." Counsel sought access to each of the jury questionnaires utilized during voir dire but with any and all personal juror identifying information, as contemplated within Code of Civil Procedure section 237, subdivision (a)(2), redacted. (All further statutory references will be to the Code of Civil Procedure unless otherwise noted.) No opposition was filed by the People. At a hearing on January 16, 1998, the court denied counsel's request with the following statement: "But there has to be a showing as to why, some jury misconduct, some information that somebody has that the jurors didn't properly deliberate, took into consideration factors that they should have not taken into consideration, something in that general nature for which the court then can make an order saying, yes, based upon that showing, you have a right to have access to that juror information."
On February 3, 1998, in order to comply with the court's direction, counsel filed a new motion "for an order (1) providing counsel with copies of juror questionnaires, excluding the names, addresses, and telephone numbers of the jurors; and (2) setting a hearing for release of identifying information, consisting of names, addresses, and telephone numbers, for all jurors who deliberated in this trial." In support of the motion counsel filed the declaration of his investigator which indicated that the investigator had spoken with one of the jurors, Ms. A. The investigator's declaration then provides the following information:
"Ms. A[] told me that she voted for death in the Zamudio case because she concluded that two people had been intentionally killed by the defendant. She stated *767 to me that it was then, and had been during the trial, her personal view that even if one person is illegally, intentionally killed by another, that killing requires the death penalty. She further told me that nothing she was told, instructed about, or otherwise learned during the Zamudio trial suggested that her view in this regard was not a proper one that she could act upon. She stated that she believes and believed that in assessing the proper penalty to impose in such a case, things that a defendant has done in the past or evidence of his good character are irrelevant. She stated that the only factor she considered in deciding whether to vote for death or life without possibility of parole was the facts of the charged crimes for which defendant was on trial. She also told me that other members of the jury shared her views in this regard."
Counsel also filed a declaration in support of the motion in which he states that during voir dire he had access to each of the jury questionnaires and that they were utilized by him during voir dire, along with questioning in open court, to determine the qualifications of the potential jurors. At the end of juror selection he returned the questionnaires to the court. It is his recollection that answers given by Ms. A during oral voir dire did not reflect her views as expressed to the investigator. Counsel desired to obtain copies of each of the juror questionnaires, redacted, to see if the questions answered by each of the jurors reflected differently from what his investigator advised him.
"Because of the information provided" by Ms. A[] respecting juror bias, I am requesting that this court give me back the juror questionnaires for all of the trial jurors in the case. I need this information to compare answers given regarding the jurors attitudes towards the death penalty with their oral voir dire, and with any oral statements such jurors have made or will make to counsel."
On February 10, 1998, the court conducted a hearing on the motion and again denied it. In denying the motion the court expressed its belief that the questionnaires themselves constituted confidential juror information and no good cause had been shown pursuant to section 237 for their release.
On February 17, 1998, counsel filed a petition for writ of mandate with this court seeking to reverse the order of the trial court and obtain redacted copies of each of the juror questionnaires. On March 16, 1998, we issued a temporary stay of proceedings in the trial court and an order to show cause "why a peremptory writ of mandate should not issue ordering you to vacate the order of February 10, 1998, ... to the extent that order denies defendant's motion for access to the juror questionnaire of juror A[], and to make a new and different order granting defendant's motion with regard to the questionnaire of juror A[] only."
On April 3, 1998, the People filed a letter with this court conceding "that petitioner is entitled to a peremptory writ of mandate ordering respondent court to comply with this court's limited order by providing access to the juror questionnaire of juror A[] only." At oral argument the People also conceded that petitioner is entitled to all questionnaires, with the personal juror identification information redacted.
On April 7, 1998, petitioner filed a supplemental petition for writ of mandate. It indicates that on March 25, 1998, petitioner filed a motion to rescind an order of the trial court issued on March 19, 1998, that the parties, specifically petitioner's counsel, not contact any jurors in the case "until an appropriate motion is brought and an appropriate order is made for disclosure of juror confidential information." Respondent refused to rule on the motion, "taking the position that all rulings by respondent court are stayed by this court's order, and that no portion of the motion can be ruled upon until after this court's [the court of appeal] ruling on the pending Order to Show Cause." The supplemental petition asked that we order the trial court to set aside its order of March 19, 1998.
On April 15, 1998, the People forwarded a letter to this court indicating that until we acted independently upon the supplemental petition, the hearing on the original order to show cause is "limited to the juror questionnaire of juror A[].... [H] Accordingly, unless this court issues another order to show *768 cause ... the People will submit this case for decision on the original order to show cause, in accordance with the concession letter, filed on April 3, 1998."

DISCUSSION
As pertinent to our discussion, section 237 provides as follows:
"(a)(2) Upon the recording of a jury's verdict in a criminal jury proceeding, the court's record of personal juror identifying information of trial jurors, as defined in Section 194, consisting of names, addresses, and telephone numbers, shall be sealed until further order of the court as provided by this section.
"(3) For purposes of this section, `sealed' or `sealing' means extracting or otherwise removing the personal juror identifying information from the court record.
". . .
"(b) Any person may petition the court for access to these records. The petition shall be supported by a declaration that includes facts sufficient to establish good cause for the release of the juror's personal identifying information. The court shall set the matter for hearing if the petition and supporting declaration establish a prima facie showing of good cause for the release of the' personal juror identifying information, but shall not set the matter for hearing if there is a showing on the record of facts that establish a compelling interest against disclosure. A compelling interest includes, but is not limited to, protecting jurors from threats or danger of physical harm. If the court does not set the matter for hearing, the court shall by minute order set forth the reasons and make express findings either of a lack of a prima facie showing of good cause or the presence of a compelling interest against disclosure.
"(c) If a hearing is set pursuant to subdivision (b), the petitioner shall provide notice of the petition and the time and place of the hearing at least 20 days prior to the date of the hearing to the parties in the criminal action. The court shall provide notice to each affected former juror by personal service or by first-class mail, addressed to the last known address of the former juror as shown in the records of the court. In a capital case, the petitioner shall also serve notice on the Attorney General. Any affected former juror may appear in person, in writing, by telephone, or by counsel to protest the granting of the petition. A former juror who wishes to appear at the hearing to oppose the unsealing of the personal juror identifying information may request the court to close the hearing in order to protect the former juror's anonymity.
"(d) After the hearing, the records shall be made available as requested in the petition, unless a former juror's protest to the granting of the petition is sustained. The court shall sustain the protest of the former juror if, in the discretion of the court, the petitioner fails to show good cause, the record establishes the presence of a compelling interest against disclosure as defined in subdivision (b), or the juror is unwilling to be contacted by the petitioner. The court shall set forth reasons and make express findings to support the granting or denying of the petition to disclose. The court may require the person to whom disclosure is made, or his or her agent or employee, to agree not to divulge jurors' identities or identifying information to others; the court may otherwise limit disclosure in any manner it deems appropriate."
There are two important concepts contained within this section which are pertinent to our discussion. The first is that section 237 establishes an independent right for jurors to object to disclosure of the information, which means that we cannot merely accept the concession of the People to order the court to turn over the questionnaire of juror A. without independently reviewing the request.
The second concept is that section 237 only prevents disclosure of "personal juror identifying information," which is defined as "names, addresses, and telephone numbers." This is important because petitioner has limited his request in his original petition to us to disclosure of the jury questionnaires with *769 the personal juror identifying information redacted. In other words, absent the request for the personal juror identifying information, section 237 does not apply.
The jury questionnaires were part of the voir dire of the individual jurors and, absent personal juror identification information, there is no legal reason to preclude petitioner's counsel from having access to them. In fact, it would be error not to do so.
Petitioner's motion establishes that at least one of the jurors, Ms. A, may have failed to disclose information which bears directly on her bias and prejudice, which directly relates to whether petitioner received a fair trial.
"A juror who conceals relevant facts or gives false answers during the voir dire examination thus undermines the jury selection process and commits misconduct. [Citations.]
"Without truthful answers on voir dire, the unquestioned right to challenge a prospective juror for cause is rendered nugatory. Just as a trial court's improper restriction of voir dire can undermine a party's ability to determine whether a prospective juror falls within one of the statutory categories permitting a challenge for cause [citations], a prospective juror's false answers on voir dire can also prevent the parties from intelligently exercising their statutory right to challenge a prospective juror for cause.
"Such false answers or concealment on voir dire also eviscerate a party's statutory right to exercise a peremptory challenge and remove a prospective juror the party believes cannot be fair and impartial.... `The denial of the right to reasonably exercise a peremptory challenge, be it by either the trial court or a juror through concealing material facts, is not a mere matter of procedure, but the deprivation of an absolute and substantial right historically designed as one of the chief safeguards of a defendant against an unlawful conviction.' [Citations.]" (In re Hitchings (1993) 6 Cal.4th 97, 111-112, 24 Cal. Rptr.2d 74,860 P.2d 466.)
One of the grounds for a new trial set forth in the Penal Code is "[w]hen the jury has ... been guilty of misconduct by which a fair and due consideration of the case has been prevented." (Pen.Code, § 1181, subd. 3.) The information petitioner's counsel is seeking is directly relevant to whether he may be able to establish juror misconduct in his potential motion for new trial. We can find no reason to preclude petitioner's counsel from having access to all questionnaires with the personal identifying information redacted.
At this stage we are only addressing release of the juror questionnaires; however, the record before us establishes that petitioner's counsel has taken further steps to develop the record, which the trial court has placed on hold until we rule on this issue. We have no doubt that upon remand petitioner will renew his efforts in the trial court, and we have full confidence that the court will address the further issues consistent with this opinion and the provisions of section 237. Therefore, we deny petitioner's supplemental petition, without prejudice, at this stage.

DISPOSITION
Let a peremptory writ of mandate issue directing respondent to vacate its order of February 10, 1998, denying petitioner access to the juror questionnaires, and instead issue a new order granting the request with the personal juror identification information redacted.
CHARLES S. VOGEL, P.J, and EPSTEIN, J, concur.